UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REGINA PALMAN on behalf of
herself and all other similarly
situated employees,

          Plaintiff,

   -against-

CVS CAREMARK CORPORATION,

          Defendant.

-------------------------------------------------------X

Index No.:
Date Filed: **10 2075**

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

BIANCO, J.

LINDSAY, M.J.

      Plaintiff, Regina Palman ("Plaintiff"), on behalf of herself and on behalf of all other similarly situated employees, by and through her undersigned counsel, for her Complaint alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

      1.    Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b) Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees nationwide who are or have been employed by Defendant CVS Caremark Corporation, ("CVS" or "Defendant") in any of the Defendant's stores at any time during the period commencing May 1, 2004 and continuing until such further date as the practices complained of are discontinued (the "Class Period") who were subjected to off-the clock security searches for which they were not compensated and/or who were required to work during required meal and/or rest periods and/or who were required to perform off-the-clock work for which they

were not compensated, to recover unpaid wages, overtime compensation, damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under FLSA §§ 201, *et seq.*

2. In addition to the nationwide FLSA claims, Plaintiff also brings claims under the laws of New York on behalf of herself and all other similarly situated current and former employees nationwide who are or have been employed by Defendant in any of the Defendant's stores within the state of New York at any time during the Class Period who were subjected to off-the clock security searches for which they were not compensated and/or who were required to work during required meal and/or rest periods and/or who were required to perform off-the-clock work for which they were not compensated, to recover unpaid wages, overtime compensation, damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under McKinney's Labor Law §§ 190, *et. seq.*, §§ 650, *et seq.*, 12 NYCRR § 142-2.2 and New York common law.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

4. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d). This is a putative class action in which: (1) there are 100 or more members in the proposed class under New York law; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over the New York state law wage and hour claims because those claims derive from a common nucleus of operative fact.

6. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff resides in this judicial district and because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

8. Plaintiff Regina Palman is an adult individual who is a resident of Queens, New York. Plaintiff was employed by Defendant as a cashier, an hourly worker, at Defendant's Hillside Avenue store in Bellerose, New York from approximately on or about June 16, 2005 through on or about July 1, 2009. Plaintiff was a covered, non-exempt employee, within the meaning of the FLSA and New York Labor Law ("NYLL"). As such, Plaintiff was entitled to be paid in full for all hours worked, including straight time and overtime pay, time spent undergoing security checks, a minimum wage for all hours worked as fixed by law and should have been provided various conditions of employment such as meal and rest periods.

9. Defendant CVS Caremark Corporation is a Delaware corporation, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Directly or through wholly-owned subsidiaries that act under its direction and control, CVS is the largest provider of prescriptions and related healthcare services in the United States. CVS currently operates over 7,000 retail stores and pharmacies in 43 states, which generates more than 87 billion dollars ($87,000,000,000) in annual revenue. During the Class Period, CVS is believed to have employed thousands of hourly-wage employees.

10. Defendant maintains control, oversight, and direction over the operation of its stores and offices, including its employment practices, and is a covered employer within the

meaning of the FLSA and New York state law.

## FACTUAL ALLEGATIONS

11. Defendant hired Plaintiff and promised to pay hourly wages to her for her work.

12. On or about January 1, 2009, Adam Gulty, a CVS Loss Prevention Manager and Bob Schebin, a CVS District Manager in charge of the Long Island region came to the CVS location where Plaintiff worked to implement and to describe to the employees a uniform corporate CVS policy relating to security checks of store employees. Mr. Gulty and Mr. Schebin instructed the employees that, each day at the conclusion of their work shift, each employee had to first clock out, then retrieve their personal belongings from the locker room and then have a Manager or Assistant Manager paged so that the Manager could perform a security check of the employee's person and personal belongings.

13. After Plaintiff clocked out, the security checking process took as much as fifteen (15) to thirty (30) minutes to complete each day depending on how many employees were leaving at the same time and depending on how long it took for a manager to respond to the page.

14. CVS did not compensate Plaintiff or other employees for the time spent complying with CVS' daily mandatory security checks.

15. Upon information and belief, to date, this security check policy applies to all CVS store employees throughout the United States and is still in place.

16. CVS also required Plaintiff and her fellow employees to work through required meal and rest periods while off-the-clock, and without compensation.

17. CVS failed to pay Plaintiff and the other employees time and one half their regular rate of pay for hours worked over forty in a work week in violation of the FLSA and

NYLL. Furthermore, had CVS compensated Plaintiff for all her actual hours worked, Plaintiff, and upon information and belief other hourly wage employees, would have accumulated additional time worked in excess of 40 hours per week, for which they would have had to have been paid overtime or time and one-half.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the First Cause of Action on behalf of:

> All current and former employees nationwide who are or were employed by Defendant in any of the Defendant's stores at any time during the Class Period and who were (1) not compensated for time spent undergoing mandatory security checks; (2) not compensated for interrupted required meal and/or rest periods; (3) were not compensated for all work performed; and (4) were not compensated for time worked over forty hours per week at overtime rates (the "Nationwide FLSA Collective Class").

19. Upon information and belief, Defendant subjected Plaintiff and the Nationwide FLSA Collective Class members to off-the clock security searches for which they were not compensated. In addition, Defendant required Plaintiff and the Nationwide FLSA Collective Class members to work during required meal and/or rest periods and to perform off-the-clock work for which they were not compensated. Defendant failed to pay Plaintiff and the members of Nationwide FLSA Collective Class time and one half their regular rate of pay for hours worked beyond forty hours in a work week.

20. Defendant's unlawful conduct has been widespread, repeated and consistent.

21. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiff and the Nationwide FLSA Collective Class.

22. Defendant is liable under the FLSA for failing to properly compensate the Plaintiff and the Nationwide FLSA Collective Class, and, as such, notice should be sent to the Nationwide FLSA Collective Class. There are numerous similarly situated, current and former

employees of Defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## NEW YORK LAW

23. Articles 6 and 19 of New York's Labor Law, and the regulations promulgated thereunder, including 12 NYCRR §§ 142-2.1 and 142-2.2, establish requirements for employers' payment of, and employees' entitlement to, both straight time and overtime wages and vests employees with rights of action to enforce such requirements.

24. In addition, there exists a contractual relationship between employers and employees pursuant to which employers are obligated to pay employees for all of their working time.

## NEW YORK CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

> All current and former employees who are or were employed by Defendant in one or more of Defendant's New York State retail stores during the Class Period and who were (1) not compensated for time spent undergoing mandatory security checks; (2) not compensated for interrupted required meal and/or rest periods; (3) were not compensated for all work performed; and (4) were not compensated for time worked over forty hours per week at overtime rates (the "New York Class").

26. Excluded from the New York Class are Defendant, CVS' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class Period has had, a controlling interest in Defendant; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

27.     According to its 2009 Annual Report, as of December 31, 2009, CVS had 439 retail drugstore locations in New York State.

28.     During the Class Period, CVS employed thousands of hourly-wage employees at its New York State stores and systematically failed and refused to pay them for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members is impracticable.

29.     Plaintiff's claims are typical of the claims of the New York Class Members because she was an hourly-wage employee who was not compensated for required security searches and/or work performed at the employer's request during meal and/or rest periods. Plaintiff and the New York Class members have all sustained similar types of damages as a result of CVS' failure to comply with the NYLL. Plaintiff and the New York Class Members have all been injured in that they have been uncompensated or under-compensated due to CVS' common policies, practices, and patterns of conduct.

30.     Plaintiff will fairly and adequately protect the interests of the New York Class Members. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiff and the New York Class Members.

31.     CVS has acted or has refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

32.     Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether CVS failed and/or refused to pay Plaintiff and the New York Class for employer mandated off-the-clock time spent going through required security checks in violation of New York Law;

(b) Whether CVS failed and/or refused to pay Plaintiff and the New York Class for employer mandated off-the-clock time spent working during required meal and/or rest periods in violation of New York Law;

(c) Whether CVS failed to provide its employees with meal and/or rest periods as required by New York Law;

(d) Whether CVS correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

(e) Whether CVS failed to keep true and accurate time records for all hours worked by its employees as required by New York Labor Law § 190 *et seq.* and 650 *et seq.*;

(f) Whether CVS failed to pay Plaintiff and the New York Class for all of the compensable time that CVS required from them;

(g) Whether CVS failed to comply with the posting and notice requirements of the NYLL;

(h) Whether CVS engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and the New York Class Members to perform work for CVS' benefit which was not compensated;

(i) Whether CVS engaged in a pattern and/or practice of disciplining or retaliating against Plaintiff and the New York Class for not performing certain work without being compensated;

(j) Whether CVS' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(k) The nature and extent of class-wide injury and the measure of damages for those injuries.

33. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions

would entail. Individual Class Members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class Members are readily identifiable from Defendant's own records.

34. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for CVS.

35. Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the New York Class.

36. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23.

## CVS' EMPLOYMENT PRACTICES

37. Since on or about January 1, 2009, CVS has had a consistent policy of requiring its in-store hourly employees, including Plaintiff and all other store employees, to submit to daily, mandatory, off-the-clock security checks of their persons and belongings without paying them straight time and/or overtime compensation.

38. At all times relevant hereto, CVS has had a consistent policy of (1) requiring Plaintiff and the members of the Nationwide FLSA Collective Class and New York Class to perform off-the-clock work for which they were not compensated; (2) has willfully failed to pay compensation owing in a prompt and timely manner to the Plaintiff and the members of the

Nationwide FLSA Collective Class and New York Class; and (3) has willfully failed to adequately and accurately record the full compensable hours worked by Plaintiff and the members of the Nationwide FLSA Collective Class and New York Class.

39. CVS consistently has refused or failed to pay Plaintiff and the members of the Nationwide FLSA Collective Class and New York Class for the time required to comply with its security checks and/or the time spent working off-the-clock in lieu of meal and rest breaks.

40. Despite its knowledge that time spent by Plaintiffs and the members of the Nationwide FLSA Collective Class and New York Class, as described above, was compensable time under the FLSA and New York law, CVS willfully refused to compensate any of the affected workers for this time.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf of the Plaintiff and the Nationwide FLSA Collective Class)

41. Plaintiff and the Nationwide FLSA Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

42. At all relevant times, Defendant has been, and continues to be, an "employer" engages in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ, employees, including the Plaintiff and each of the members of the Nationwide FLSA Collective Class. At all relevant times, upon information and belief, Defendant had gross operating revenues in excess of $500,000.00.

43. Plaintiff consents in writing to be a part of this action, pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of her Opt-in form. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

{2392 / CMP / 00101653.DOC v1}

10

44. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

45. The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

46. Plaintiff and the members of the Nationwide FLSA Collective Action were and are entitled to be paid the minimum wage, and overtime compensation for all hours worked.

47. Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiff and the members of the Nationwide FLSA Collective Class for all of their hours worked.

48. By failing to compensate Plaintiff and the members of the Nationwide FLSA Collective Class minimum wage and overtime compensation, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*

49. By failing to record, report, and or preserve records of hours worked by Plaintiff and the members of the Nationwide FLSA Collective Class, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of herself and the Nationwide FLSA Collective Class, seeks damages in the amount of her unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, on behalf of herself and the Nationwide FLSA Collective Class, seeks recovery of her attorney's fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Violations of New York Labor Law – Nonpayment of all Wages §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.1 and 142-2.2
### (On Behalf of the Plaintiff and the New York Class)

53. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

54. Pursuant to New York Labor Law §§ 190, 191, 198 and 652, CVS has willfully failed to pay the correct wages and overtime pay due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the New York Class Members in violation of New York Labor Law §§ 190, 191, 198 and 652 and 12 NYCRR 142-2.1 and 142-2.2.

55. CVS was not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the New York Class' wages that concern this lawsuit.

56. CVS was not authorized by Plaintiff or any Class Members to withhold, divert or deduct any portion of his or her unpaid wages which are the subject of this lawsuit.

57. Pursuant to New York Labor Law § 198, employers such as Defendant who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

58. CVS has violated the New York Labor Law by failing to pay Plaintiff and the members of the New York Class for all compensable time and by failing to pay Plaintiff and the

members of the New York Class for work time, including overtime, at the established rate.

59.     Plaintiff, on behalf of herself and the New York Class, seeks the amount of underpayments based on Defendant's failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

60.     Plaintiff does not seek liquidated damages under the NYLL on behalf of the New York Class Members but reserves her right to do so.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (On Behalf of the Plaintiff and the New York Class)

61.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.1 and 142-2.2 apply to CVS and protect Plaintiff and the Members of the New York Class.

63.     CVS has failed to pay Plaintiff and the Members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

64.     By CVS' knowing and/or intentional failure to pay Plaintiff and the members of the New York Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

65.     Due to CVS' violations of the NYLL, Plaintiff and the Members of the New York

Class are entitled to recover from CVS their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

66. Plaintiff does not seek liquidated damages under the NYLL on behalf of the Members of the New York Class but reserves her right to do so.

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of the Plaintiff and the New York Class)

67. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

68. At the time Plaintiff and the members of the New York Class accepted employment with CVS, they were promised pay at a fixed hourly rate.

69. By operation of law, when CVS hired Plaintiff and the Members of the New York Class, it made a promise that they would be paid for all hours worked.

70. Pursuant to their agreement with CVS to work for a fixed hourly rate, Plaintiff and the Members of the New York Class performed work on behalf of and for the benefit of CVS during the Class Period. However, as set forth in detail above, CVS has failed to pay Plaintiff and the Members of the New York Class, at applicable overtime and straight time rates of pay, for all work performed for the benefit of CVS.

71. Specifically, Plaintiff and the Members of the New York Class were required to engage in daily security checks at the direction of CVS management and were not paid, at applicable overtime and straight time rates of pay, for the time required to comply with such required work activities.

72. Plaintiff and the Members of the New York Class were also required to work while off the clock during meal and/or rest periods required by New York Labor Law Section

162 *et seq.* By requiring Plaintiff and the Members of the New York Class to perform work during such paid meal and/or rest periods, CVS has deprived Plaintiff and the Members of the New York Class of payment for work performed at applicable overtime and straight time rates of pay.

73. CVS breached its contract with Plaintiff and the Members of the New York Class by not paying them for all compensable hours worked.

### FIFTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of the Plaintiff and the New York Class)

74. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

75. By reason of having secured the work and efforts of Plaintiff and the Members of the New York Class without compensation, CVS has enjoyed reduced over-head with respect to its stores and pharmacies in New York and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Class Members, that CVS has retained and continues to retain contrary to the fundamental principles of justice, equity, and good conscience.

76. Accordingly, Plaintiff and the Members of the New York Class are entitled to equitable restitution in an amount equal to the benefits unjustly retained by CVS.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Nationwide FLSA Collective Class, seeks the following relief:

A. Designation of this action as a collective action on behalf of a the Nationwide FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29

U.S.C. § 216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as the Representative of the Nationwide FLSA Collective Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E. An award of damages, according to proof, including but not limited to unpaid wages and lost benefits, to be paid by Defendant;

F. An award of costs incurred herein, including expert fees;

G. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

H. An award of pre-judgment and post-judgment interest, as provided by law; and

I. All such other relief as this Court shall deem just and proper.

**WHEREFORE,** Plaintiff, individually and on behalf of the New York Class, seeks the following relief:

A. Certification of this action as a class action under Rule 23 and the appointment of Plaintiff as Representative of the New York Class and Plaintiff's counsel as Lead Counsel for the New York Class;

B. On the Second Cause of Action (Violation of New York Labor Law – Nonpayment of All Wages):

1. An award to Plaintiff and Members of the New York Class of damages for the amount of unpaid wages, including unpaid overtime, in addition to interest subject to proof;

2. An award to Plaintiff and the Members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

C.  On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

1. An award to Plaintiff and Class Members of damages for the amount of unpaid overtime, in addition to interest subject to proof;

2. An award to Plaintiff and Class Members of reasonable attorneys' fees and costs pursuant to New York Labor Law

D.  On the Fourth Cause of Action (Breach of Contract):

1. An award of damages according to proof at trial;

2. An Award of pre-judgment interest at the highest level rate from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

E.  On the Fifth Cause of Action (Unjust Enrichment):

1. An award of general damages according to proof;

2. An award of special damages according to proof;

F.  An award of costs of the action, including expert fees;

G.  An award of reasonable attorneys' fees; and

H.  All such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated:     White Plains, New York
           May 6, 2010

                                      Respectfully submitted,

                                      Gerald Lawrence, Esq. (GL-9943)
                                      Jeanne D'Esposito, Esq. (JD-5843)
                                      LOWEY DANNENBERG COHEN
                                      & HART, P.C.
                                      One North Broadway
                                      White Plains, NY 10601-2310
                                      Telephone: (914) 997-0500
                                      glawrence@lowey.com

                                      LAW FIRM OF LOUIS GINSBERG, P.C.
                                      Louis Ginsberg, Esq. (LG-1048)
                                      Matthew Cohen, Esq. (MC-2595)
                                      1613 Northern Blvd.
                                      Roslyn, New York 11576
                                      Telephone: (516) 625-0105 X.13
                                      lg@louisginsberglawoffices.com

                                      *Attorneys for Plaintiff, the Nationwide FLSA*
                                      *Collective Class, and the New York Class*

# EXHIBIT A

I consent to be a party plaintiff in a lawsuit against CVS Caremark Corporation and/or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Lowey Dannenberg Cohen & Hart, P.C. and The Law Firm of Louis Ginsberg, P.C. to represent me in such a lawsuit.

_____  5/5/10
Signature                   Dated

Regina Palman
Full Legal Name (print)

248-23 88th Dr
Address

Bellerose N.Y  11426
City, State         Zip Code