UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
REGINA PALMAN, on behalf of herself
and all other similarly situated employees,

                              Plaintiff(s),

                                                          **ORDER**
        -against-                                  CV 10-2075 (JFB)(ARL)

CVS CAREMARK,

                              Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff(s)' motion to compel the production of documents relating to putative class members in this action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Wage and Hour Law. Defendant opposes the application by letter dated September 6, 2011. Defendant contends that the discovery is improper at this stage because the class has not been conditionally certified. For the reasons set forth below, the court agrees that this discovery is premature and thus the plaintiffs' application is denied.

      The plaintiff commenced this action on May 6, 2010 against defendant CVS Caremark ("CVS") seeking to collect back wages for overtime work, including claims for missed breaks, unpaid time spend undergoing security checks, and other miscellaneous off-the-clock work that she performed while working as a cashier at four CVS retail pharmacy stores in and around Long Island, New York, on behalf of herself and other similarly situated current and former employees of CMC Direct. On May 2, 2011, the undersigned extended the scheduling order deadlines in this case, establishing September 30, 2011 as the deadline for the completion of all discovery. The plaintiff has not yet sought conditional certification of the class.

      Courts in this Circuit typically follow a two-step certification process in FLSA collective actions. *See*, *e.g.*, *Sobczak v. AEL Indus., Inc.*, CV 07-1226(BMC), 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007); *Morales v. PlantWorks,* CV 05-2349(DC), 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006) (collecting cases). Upon plaintiffs' motion, "[a]t the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated. If the court finds that they are, it conditionally certifies the class and permits notice to be sent to putative class members. At the second stage, the employer can move to decertify the class if discovery reveals that the claimants are not similarly situated." *Id.* (internal citations omitted); *see also Prizmic v. Armour, Inc.,* CV 05-2503(DLI), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319 (PAC), 2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006). At the initial stages, the inquiry is such that discovery need not be undertaken.

      Should the plaintiff obtain conditional certification, the court then has broad discretion to order discovery.  *Id.; see also* Wright, Miller & Kahn*,* 7B <u>Federal Practice & Procedure,</u> §1807 493-495.  Accordingly, the discovery sought by the plaintiff(s) is improper because the class has not been conditionally certified, and thus, the plaintiff(s)' motion to compel is denied.

Dated: Central Islip, New York           **SO ORDERED:**
       September 12, 2011

                                                                                _____/s/_____
                                                                       ARLENE R. LINDSAY
                                                                       United States Magistrate Judge